# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIE E. BOYD, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | CIVIL NO. 08-cv-598-JPG |
| A. W. SHERROD, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge an enhanced sentence imposed on him by the United States District Court for the Eastern District of Missouri.

Petitioner was found guilty, after a bench trial, of multiple offenses including being a felon in possession of a firearm, possession with intent to distribute cocaine, using false Social Security numbers, and evading currency transaction reporting requirements. *See United States v. Boyd*, No. 3:97-cr-301-SNL (E.D. Mo.). Petitioner was sentenced to a total term of 276 months imprisonment, 6 years supervised released, and a $600 special assessment. *Id*. Petitioner's convictions and sentences were affirmed on direct appeal, *United States v. Boyd,* No. 98-3583 (8th Cir.), and Petitioner was denied relief pursuant to 28 U.S.C. § 2255, *Boyd. United States,* 4:00-cv-985-SNL (E.D. Mo.). Petitioner was denied a certificate of appealability both by the Eastern District of Missouri, *Boyd v. United States*, No. 4:00-cv-985-SNL (E.D. Mo.), and by the Eighth Circuit Court of Appeals, *Boyd v. United States*, No. 01-1671 (8th Cir.).

In the instant § 2241 habeas petition, Petitioner contends that his sentence was improperly enhanced because the sentencing court wrongly determined that he is an armed career offender under 18 U.S.C. § 924(e). Specifically, Petitioner contends that his conviction in 1967 for armed robbery should not have counted toward his status as an armed career offender under § 924(e). With regard to the 1967 conviction, Petitioner argues that by operation of Missouri Revised Statute § 222.010 (1969) (repealed), his civil rights were only suspended during the time that he was incarcerated for that conviction and, therefore, his civil rights were automatically "restored" upon his release from confinement for that offense.[1] Consequently, Petitioner contends that the 1967 conviction falls within the exception of 18 U.S.C. § 921(A)(20). In the instant habeas petition, Petitioner asserts that he raised this argument in (at least) his § 2255 action, but that the Eastern District of Missouri never fully addressed it.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

---

[1] Missouri Revised Statute § 222.010 (1969) (repealed) provides:

> A sentence to imprisonment in an institution within the state department of corrections for a term less than life suspends all civil rights of the persons so sentenced during the term thereof, and forfeits all public offices and trust, authority, and power; and the person sentenced to imprisonment for life shall thereafter be deemed civilly dead.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

In his petition, Petitioner argues that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention and that § 2241 is available to him because he is "'actually innocent' of the [enhanced] sentence." However, that statement demonstrates exactly why § 2241 relief is *not* available to Petitioner. While Petitioner contends the sentencing enhancement is not applicable to him, Petitioner does not suggest that the underlying

3

charged conduct is no longer a *crime*. Moreover, Petitioner acknowledges that he was able to assert his claim concerning his 1967 conviction in his § 2255 action, but that Eastern District of Missouri either ignored it or ruled against him on the merits. The mere lack of success in asserting this claim in his § 2255 action, however, does not make Petitioner's § 2255 action inadequate.[2] Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: October 17, 2008.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**

---

[2] Petitioner appears to suggest that the Supreme Court's decision in *Logan v. United States*, 128 S.Ct. 475 (2007), made a substantive change in the law occurring after he was convicted and sentence. Petitioner claims that this change demonstrates that he is "actually innocent" of the enhanced sentence under 18 U.S.C. § 924(e). *Logan* involved a federal defendant who received an enhanced federal sentence as an armed career criminal based, in part, on prior state convictions which did not involve the loss of the defendant's civil rights. *Logan v. United States*, 128 S.Ct. at 480-81. Defendant challenged his enhanced federal sentence on the ground that these state court convictions fell within 18 U.S.C. § 921(a)(20)'s "civil rights restored" exception to the enhanced sentence provision. *Id*. Because the defendant never lost his civil rights, though, the Supreme Court concluded that defendant's rights had not been "restored" under 18 U.S.C. § 921(a)(20). *Id*. at 481-83. However, Petitioner acknowledges in the instant petition that his situation is *not* like that faced by the petitioner in *Logan*. Indeed, Petitioner acknowledges that his civil rights were suspended while he was incarcerated. Petitioner's claim is that § 921(a)(20) is applicable to him because, by operation of Mo. Rev. Stat. § 222.010 (1969)(repealed), he got his civil rights back when he was released from incarceration. Thus, Petitioner's reliance on *Logan* is misplaced.