# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE E. BOYD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) CIVIL NO. 08-cv-598-JPG |
| A.W. SHERROD, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion to reconsider (Doc. 6). Specifically, Petitioner seeks reconsideration of the Court's Memorandum and Order dismissing his § 2241 habeas petition pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Technically, a motion under Rule 59(e) is not a motion for reconsideration, but a motion to alter or amend judgment.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Upon review of the record, the Court remains persuaded that its ruling dismissing Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 22441 was correct. Relief under § 2241 is not available to Petitioner because he has not established that relief under § 2255 was inadequate or ineffective to test his claim that his 1967 for armed robbery should not have

counted toward his status as an armed career offender under 18 U.S.C. § 924(e).  Therefore, the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**Dated: January 15, 2009.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**